### In re UNITED CRANE & RIGGING, INC., Debtor.

### Bankruptcy No. 88–04010–H3–11.

United States Bankruptcy Court, S.D. Texas, Houston Division.

May 27, 1988.

Walter J. Cicack, Shrader, York, Clote, Hinds & Grote, Houston, Tex., for debtor.

James H. Pearson, Shannon, Ustick, Tyler & Beller, Houston, Tex., for First RepublicBank.

Ana Guerrero Cummings, Sp. Asst. U.S. Atty., Houston, Tex., for I.R.S.

### MEMORANDUM AND ORDER

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing, United Crane & Rigging, Inc., Emergency Motion for Authority to Use Cash Collateral, and after considering the evidence and testimony presented, the court enters the following Order. To the extent any findings of fact herein are deemed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are considered to be findings of fact, they are hereby adopted as such.

#### Facts

United Crane & Rigging, Inc. ("United Crane"), the Debtor, operates a manned and maintained crane and rig rental operation. United Crane filed Chapter 11 May 3, 1988.

On July 1, 1987 United Crane executed a promissory note in favor of First Republic-

Bank ("Bank") in the amount of $545,-006.76. The note matured on April 1, 1988 and the entire amount of the note plus interest is presently due and owing. The Bank perfected its security interest in the goods, fixtures, equipment, inventory, accounts and the like on December 21, 1987 by filing of a UCC–1. The security agreement contained an after-acquired property clause. On March 16, 1988 the Internal Revenue Service ("I.R.S.") filed its notice of federal tax lien pursuant to 26 U.S.C. §§ 6321, 6322 and 6323, in the amount of $252,281.04.

On May 3, 1988, the date on which it filed bankruptcy, United Crane also filed its Emergency Motion for Authority to Use Cash Collateral and at the hearing held May 19, 1988 this court permitted the limited use of cash collateral by the Debtor subject to certain specified conditions. United Crane and the I.R.S. have stipulated to limited use of cash collateral by the Debtor for the remainder of May, 1988, in accordance with a detailed schedule of expenditures. (See, "Stipulations and Agreement" filed May 23, 1988) In these stipulations I.R.S. agreed to retain its pre-petition lien status through the month of May, 1988. These stipulations, however, are phrased in terms of pre-petition status, not pre-May 3, 1988 status.

The Debtor has requested the authority to use the cash proceeds of its pre-petition accounts receivable to pay its required operating expenses. The Debtor proposes to provide the Bank adequate protection of its interest in the collateral pursuant to 11 U.S.C. § 361 by fully reporting to the Bank, providing the Bank with a right to review its bank statements and by granting the Bank a replacement lien in the post-petition accounts receivable to the extent of the Bank's interest in pre-petition accounts receivable plus pre-petition cash on hand.

The Bank argues that it will not be adequately protected if the Debtor is permitted to use the cash collateral under the above conditions, on grounds, *inter alia*, that, pursuant to 26 U.S.C. § 6323, the I.R.S. has a lien in excess of $500,000.00 which is arguably prior to the Bank's lien beginning 12:00 o'clock midnight following the forty-fifth day after March 16, 1988. Debtor's bankruptcy filing was at 1:37 p.m. on the forty-sixth day. The Bank urges that the Motion for Authority to Use Cash Collateral should be denied.

*Conclusions of Law*

The primary issue for consideration is whether the Bank interests are adequately protected by the granting of a replacement lien in the post-petition accounts receivable of United Crane. The Bank argues that the duly perfected I.R.S. lien will prime the replacement lien if provided by the Debtor, in the post-petition accounts receivable. The result, the Bank argues, is insufficient adequate protection of the Bank's interest in the collateral.

United Crane argues that the tax lien does not attach to property acquired by the Debtor post-petition. The Debtor also argues that 11 U.S.C. § 362 precludes the attachment of a tax lien to post-petition property of the estate.

The governing provision regarding attachment of the tax lien in this case is 26 U.S.C. § 6323(c) & (d). The tax lien attaches to all property of and all rights to property of the taxpayer. 26 U.S.C. § 6321. Some transactions are given priority status over the tax lien for a certain period of time including commercial transactions entered into before the tax lien filing. 26 U.S.C. § 6323(c) & (d). The effect of this provision is to give the lender on a transaction coming within this section priority over the recorded tax lien equal to the amount of money disbursed during the forty-five days after the date of the tax lien filing. 26 U.S.C. § 6323(c) & (d).

The petition in bankruptcy was filed by the Debtor on May 3, 1988 at 1:37 p.m. Although May 3, 1988 was the forty-sixth day, application of 26 U.S.C. § 6323 indicates that the tax lien attached, to the property of the Debtor on the forty-sixth day by operation of law after the grace period of forty-five days had expired under the statute. As the bankruptcy was filed at 1:37 p.m. that day, the tax lien had attached prior to the filing of the petition

by the Debtor. Since the automatic stay was not invoked until 1:37 p.m. on May 3, 1988, it will not operate to preclude attachment of the tax lien as the lien had already attached by operation of law upon the start of the forty-sixth day.

■ The result of the application of 26 U.S.C. § 6323 to the case at bar is that the Bank has priority as to disbursements made to the Debtor during the forty-five day grace period provided by the statute. *Texas Oil & Gas Corp. v. United States*, 466 F.2d 1040 (5th Cir.1972), *cert. denied*, 410 U.S. 929, 93 S.Ct. 1367, 35 L.Ed.2d 591 (1973). However, after the forty-fifth day after the filing of the I.R.S. tax notice, the post-petition accounts receivable are subject to the I.R.S. lien; and the I.R.S. lien will be superior to that of the secured creditor. *In re Schons*, 54 B.R. 665 (Bankr.W.D.Wash.1985), *In re All Tool Rentals*, 40 B.R. 580 (Bankr.S.D.Fla.1984).

The I.R.S. stipulated to retain its "pre-petition" status through the month of May, 1988. However, the I.R.S. lien attached between 12:01 a.m. and 1:37 p.m. on May 3, 1988. Thus the wording "pre-petition" does not adequately protect the Bank. It is therefore,

ORDERED that the Debtor's Emergency Motion for Authority to Use Cash Collateral is denied following preliminary hearing. A final hearing on Debtor's Emergency Motion for Authority to Use Cash Collateral is set for June 9, 1988, at 10:30 a.m., 9th Floor, Courtroom # 10, 515 Rusk Avenue, Houston, Texas.